UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

JOVAN MILLER,                               )
                                            )
            Movant,                         )
                                            )
    vs.                                     )      No. 4:10CV2310 HEA
                                            )
UNITED STATES OF AMERICA,                   )
                                            )
            Respondent.                     )

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Movant's Motion under 28 U.S.C. § 2255 by a Person in Federal Custody, [Doc. No. 1]. Pursuant to this Court's Order, the government has responded to the motion to vacate. For the reasons set forth below, the Motion is denied.

Movant makes the following claims in his Motion:

**Ground One**: A change in the law that narrows the scope of a criminal statute by interpreting its terms.

**Ground Two:** New substantive rules apply retroactively. This includes decision that narrow the scope of a criminal statute by interpreting its terms

**Ground Three:** The sentence of 30 months imposed pursuant to the mandatory enhancement for prior serious drug offense is now an unlawful sentence.

**Ground Four:** Petitioner is denied the right to due process under the law, in

violation of the 5th Amendment of the United States Constitution.

**Ground Five:**   Petitioner is being denied Equal Protection under the 14th Amendment.

In a very succinct and pointed Response, the Government agrees with Movant that Movant's federal conviction for possession with intent to distribute cocaine base, Cause Number 4:03CR428 CEJ, is no longer a felony justifying a higher base level.  What Movant fails to recognize, however, is that his prior conviction was then and is still a Class B felony pursuant to 21 U.S.C. § 841(a)(1).

Nothing in the Fair Sentencing Act of 2010 benefits Movant.  Movant was convicted of being a felon in possession of a firearm, and the amount of cocaine base he possessed is simply irrelevant for the charge.

## Conclusion

Based upon the foregoing analysis, Movant's claims fail to afford him relief.

## Certificate of Appealablity

The federal statute governing certificates of appealability provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  A substantial showing of the denial of a constitutional right requires that "issues are debatable among reasonable jurists, a court could resolve the

issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Based on the record, and the law as discussed herein, the Court finds that Movant has not made a substantial showing of the denial of a constitutional right.

Accordingly,

**IT IS HEREBY ORDERED** that the Motion to Vacate, Set aside or Correct Sentence, [Doc. 1], and the supplement thereto, are **DENIED**.

**IT IS FURTHER ORDERED** that this Court will not issue a Certificate of Appealability as Movant has not made a substantial showing of the denial of a federal constitutional right.

A separate judgment is entered this same date.

Dated this16th day of January, 2014.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE